UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ORLANDO JOHNQUIL MCCRAE,

        Plaintiff,

    v.

COREY LARNED; SCOTT DIEHL;
LOGAN BURGER; and ALEXANDRIA
CHEREMNOV,

        Defendants.

Case No. 6:20-cv-02180-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge.

      Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983 and alleged that deputies from the Marion County Sheriff's Office used excessive force against him when effectuating his arrest. Defendants moved for summary judgment, and in response, plaintiff seeks to amend his Complaint. Plaintiff's motion to amend is denied and he is granted the opportunity to file a supplemental response to defendants' motion for summary judgment.

1 -    OPINION AND ORDER

DISCUSSION

Plaintiff's cause of action arises from his arrest on September 13, 2020. Plaintiff alleges that Marion County Sheriff's deputies used unreasonable and excessive force against him by using a taser against him, tackling and throwing him to the ground, and striking him with closed fists. *See* Compl. (ECF No. 2).[1]

Plaintiff's proposed First Amended Complaint includes Eleven Claims for Relief. Plaintiff's proposed First Claim for Relief alleges additional facts to support his excessive force claim against the existing defendants. Plaintiff's additional proposed claims, however, fail to state cognizable claims for relief.

In his proposed Second and Fourth Claims for Relief, plaintiff seeks to allege failure-to-train claims against Marion County and Sheriff Kast in an official capacity. It is well established that a municipal entity may not be held liable under § 1983 solely because it employs an alleged wrongdoer. *Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658, 691 (1978). Rather, plaintiff must allege facts giving rise to a reasonable inference that (1) the County had a policy, custom, or widespread practice that was the moving force behind the violation of his constitutional rights; (2) the County failed to properly train its officers and the failure to train amounts to deliberate indifference to plaintiff's rights; or (3) the individual who violated plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cty. of Los Angeles,* 891 F.3d 776, 802-03 (9th Cir. 2018).

---

[1] On February 5, 2021, plaintiff filed a document that was docketed and served as an "Amended Complaint." It should have been considered as a Supplemental Complaint clarifying plaintiff's claims against the individual defendants and withdrawing his claims against the Salem Police Department. *See* (ECF No. 10). The docket entry will be modified accordingly. The Court notes that defendants' Motion for Summary Judgment addresses plaintiff's allegations of excessive force raised in his original Complaint. *See* Defs.' Mot. Summ. J. (ECF No. 18).

Aside from conclusory allegations, plaintiff does not allege facts giving rise to a reasonable inference that Marion County or Sheriff Kast, in his official capacity, violated plaintiff's constitutional rights pursuant to a County policy or custom, as the result of a failure to train its deputies, or by an official with final policy-making authority.

In his proposed Third Claim for Relief, plaintiff seeks to allege claims of deliberate indifference to his serious medical needs. Claims of deliberate indifference brought by pretrial detainees are evaluated pursuant to an objective standard under the Fourteenth Amendment. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, plaintiff must present evidence showing that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved…; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. Plaintiff's cause of action does not arise from his confinement and he does not allege that any conditions of confinement posed a serious risk to his health. Rather, plaintiff alleges that defendants failed to consider his "mental and emotional disabilities when determining what quantum of force" they should have used when taking him into custody. Proposed Am. Compl. at 13. Plaintiff's allegations relate to his claim of excessive force and do not meet the elements of deliberate indifference.

In his proposed Fifth Claim for Relief, plaintiff alleges violations of the Americans With Disabilities Act and the Rehabilitation Act. To sustain such claims, plaintiff must show: 1) he is a "qualified individual with a disability;" 2) he was either excluded from participation in or denied the benefits of County services, programs, or activities, or was otherwise discriminated against by County officials; 3) because of his disability. *McGary v. City of Portland*, 386 F.3d

3 -    OPINION AND ORDER

1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001). Plaintiff's allegations do not plausibly suggest that he suffers from a disability or that he was denied County services or discriminated against because of a disability.

Plaintiff's proposed Sixth through Ninth Claims For Relief are brought pursuant to the Oregon Constitution. However, there is no private right of action for damages under the Oregon Constitution. *See Hunter v. City of Eugene*, 309 Or. 298, 304, 787 P.2d 881 (1990).

Finally, plaintiff's proposed Tenth and Eleventh Claims For Relief allege state law claims of negligence. Notably, plaintiff alleges intentional, rather than negligent, behavior on the part of defendants. Moreover, this Court would not retain jurisdiction of plaintiff's negligence claims if his § 1983 claims of excessive force are dismissed. *See* 28 U.S.C. § 1367(c). Plaintiff may seek to renew these claims after resolution of defendants' summary judgment motion.

## CONCLUSION

For the reasons explained above, plaintiff's Motion for Leave to File Amended Complaint (ECF No. 34) is DENIED. Within thirty days of this Order, plaintiff may file a supplemental response to defendants' Motion for Summary Judgment. As plaintiff previously was advised, his supplemental response must present specific facts, supported by evidence, that contradict the facts shown in the defendants' declarations and documents.

The Clerk of the Court is directed to modify docket entry no. 10 to reflect a Supplemental Complaint.

IT IS SO ORDERED.

DATED this <u>18th</u> of March 2022.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge

4 -   OPINION AND ORDER